UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-21340

DIANE URE, and THOMAS URE, JR.,

     Plaintiffs,

v.

OCEANIA CRUISES, INC., and
FABIAN BONILLA, M.D.

     Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs sue Defendants and allege:

### PRELIMINARY ALLEGATIONS

1.    Plaintiffs, DIANE URE and THOMAS URE, JR. ("Plaintiffs"), are citizens of California.

2.    Defendant, OCEANIA CRUISES, INC. ("OCEANIA"), is a corporation incorporated under the laws of Panama, having its principal place of business in Miami, Florida.

3.    Defendant, FABIAN BONILLA, M.D. ("BONILLA"), is the ship's doctors aboard the cruise ship M/V MARINA who saw, examined, treated and/or was consulted concerning the medical condition of DIANE URE while aboard the M/V MARINA. Upon information and belief, BONILLA is not a citizen of California.

4.    The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

5.    In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

6.  Defendants, Oceania and Fabian Bonilla, M.D., at all times material hereto, personally or through an agent:

a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b.  Was engaged in substantial activity within this state;

c.  Operated vessels in the waters of this state;

d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f.  Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, M/V MARINA.  As part of providing vacation cruises, Defendant OCEANIA advertised that a competent physician and ship's hospital would be available in the event passengers needed medical care.

7.  Defendants are subject to the jurisdiction of the Courts of this state.

8.  At all material times, Defendant Bonilla engaged in substantial and not isolated activities in Florida. Such activities and contacts, assessed over a period of time and considered collectively, establish jurisdiction under Florida's long arm statute.

a.  Defendant Bonilla agreed to insure an entity located in Florida (Oceania), for foreseeable risks. Upon information and belief, Bonilla entered into agreements with Florida based Oceania to indemnify it and insure it. Florida Statute §48.193(1)(d) provides that "any person … who contracts to insure any person,

property, *or* risk located in Florida" is subject to the jurisdiction of Courts in Florida. Because Defendant Bonilla contractually agreed to indemnify Oceania (an entity located in Florida) for any harm resulting from his services – including medical malpractice; under 48.193(1)(d), Defendant Bonilla agreed to insure a person in Florida.

b.   At all relevant times, Defendant Bonilla worked as a ship's physician on board Oceania vessels (and other cruise line vessels), while the vessels were in Florida ports. During each of these times, while the vessel was in a Florida port or in Florida territorial waters, Defendant Bonilla was expected to provide medical care - and, in fact, provided medical care to passengers in Florida. As such, harm resulting from Dr. Bonilla's services performed in Florida - was a foreseeable risk in Florida, for which Dr. Bonilla insured Oceania in Florida. On this ground alone, this Court has personal jurisdiction over Defendant Bonilla under the long arm statute's insurance provision, 48.193(1)(d). Alternatively, Defendant Bonilla's continuing agreements to insure Florida based Oceania should be considered collectively with all of Defendant Bonilla's other contacts (described below), to establish jurisdiction under Florida's general jurisdiction statute, §48.193(2).

c.   Defendant Bonilla appointed Oceania as his exclusive agent in Florida, giving Oceania "absolute and complete control" of all claims brought against him in Florida. In consideration of working as a ship's doctor for Florida-based Oceania, Defendant Bonilla signed indemnity agreements with Oceania. In each of the indemnity agreements, Defendant Bonilla appointed Oceania and its insurers as his exclusive agents, giving them "absolute and complete control of the defenses of all

proceedings against [him]." By virtue of such appointments, and giving Oceania a quasi-power of attorney – Defendant Bonilla purposefully directed his activities to this forum.  In this case, under the aforementioned agreement, Florida-based Oceania controls and pays for Bonilla's Florida attorneys. Accordingly, Bonilla has appointed an agent in Florida, other than his attorney, to assume complete control of his defenses in this case.

d.       At the time of the incident - and presently – Bonilla maintains active bank accounts in Florida. Upon information and belief, Bonilla earned taxable income from these accounts.

e.       At all relevant times, Dr. Bonilla provided medical care to patients in Florida, while working and being compensated as a cruise ship doctor. Dr. Bonilla provided medical care to passengers in Florida ports (and Florida territorial waters).

f.       At all relevant times, Dr. Bonilla voluntarily received medical training and continuing medical instruction in Florida.

g.       At all relevant times, Dr. Bonilla purposefully reached out to Oceania (and other cruise lines) in Florida and entered into long term business arrangements with these Florida entities, including the formation of a joint ventures for profit, to provide medical services to cruise passengers.

h.       All payments of Defendant Bonilla's earnings, from his joint ventures with Florida-based Oceania (and other Florida-based cruise lines) were processed by Oceania in Florida.

i.       The facts giving rise to the causes of action in this incident took place, in part, in Florida. At all relevant times, Defendant Dr. Bonilla (acting in consultation

and in concert with Oceania officials located Florida) failed to evacuate the Plaintiff to a properly equipped medical facility in Barbados. Accordingly, this Court also has specific jurisdiction over Defendant Dr. Bonilla.

9. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

10. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, M/V MARINA.

11. At all times material hereto, Defendant OCEANIA owned, operated, managed, maintained and/or controlled the medical equipment in the ship's medical facility aboard the vessel, M/V MARINA.

12. On or about May 6, 2013 through May 19, 2013, Plaintiffs were paying passengers on Defendant's vessel M/V MARINA which was in navigable waters, for a cruise which began on May 6, 2013 and was scheduled to end on May 26, 2013.

13. At all times material hereto, OCEANIA was a member of the Cruise Lines International Association ("CLIA").

14. At all times material hereto, OCEANIA was required to have on board, a full-time, emergency medical professional, pursuant to the Cruise Industry Passenger Bill of Rights.

15. At all times material hereto, OCEANIA employed and/or contracted with BONILLA to serve as the full-time emergency professional, required by the Cruise Industry Passenger Bill of Rights on board the M/V MARINA.

16. As a result of the requirement for OCEANIA to have on board, a full-time, emergency medical professional, OCEANIA did not carry BONILLA on board the

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

M/V MARINA for the convenience of its passengers; rather, OCEANIA employed and/or contract with and/or provided BONILLA on board the M/V MARINA in connection with its operation of the M/V MARINA as part of OCEANIA's business of operating cruise ships. Accordingly, the reasoning within Barbetta v. S/S Bermuda Star, 848 F.2d 1364 (5th Cir. 1988), which premised its holding on a general assumption that "a ship's physician is an independent medical expert engaged on the basis of his professional qualifications and carried on board a ship for the convenience of passengers, who are free to contract with him for any medical services they may require," is wholly distinguishable from the instant matter; as are the subsequent cases which rely on the holding in Barbetta.

17. During the subject cruise aboard the M/V MARINA, DIANE URE began suffering from symptoms of a gastrointestinal illness.

18. Starting on or about May 12, 2013, DIANE URE presented to the medical facility aboard the M/V MARINA for evaluation, diagnosis, and treatment.

19. DIANE URE was seen and/or evaluated and/or diagnosed and/or treated by the ship's medical doctor, BONILLA, repeatedly between May 12, 2013 through May 19, 2013 aboard the M/V MARINA.

20. At all times material, DIANE URE's medical condition was mismanaged by Defendants and/or Defendants failed to adequately monitor DIANE URE's metabolic levels and/or Defendants failed to provide adequate medical treatment to DIANE URE so that her medical condition significantly deteriorated between May 12, 2013 and May 19, 2013.

21. As a result of the Defendant's mismanagement of DIANE URE's medical condition

between May 12, 2013 and May 19, 2013, DIANE URE was in need of emergency medical treatment on and/or before May 19, 2013.

22. At all times material, Defendants told Plaintiffs that there was a "very good" hospital in Barbados, "adept in treating medical emergencies".

23. At all times material, Plaintiff's relied on Defendants expertise regarding the quality and adequacy of medical care in the Caribbean; and, more specifically, Plaintiff's relied on Defendants' referral of DIANE URE to Bay View Hospital in St. Michael, Barbados.

24. On or about May 19, 2013, OCEANIA referred DIANE URE to Bay View Hospital in St. Michael, Barbados, for emergency medical treatment.

25. On or about May 19, 2013, OCEANIA made arrangements for an ambulance to take DIANE URE from the M/V MARINA to Bay View Hospital.

26. Upon information and belief, at all times material, Defendant OCEANIA had a contract and/or agreement with Bay View Hospital in St. Michael, Barbados whereby OCEANIA would refer ill passengers for emergency medical treatment at Bay View Hospital.

27. DIANE URE was admitted to Bay View Hospital on May 19, 2013 and received medical treatment at Bay View Hospital from May 19, 2013 through May 21, 2013.

28. At all times material, DIANE URE's medical condition was mismanaged at Bay View Hospital.

29. At all times material, Bay View Hospital was unequipped and unable to effectively and/or adequately provide emergency medical treatment to DIANE URE.

30. Accordingly, the Plaintiffs relied upon Defendants' referral to, and recommendation

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

of, Bay View Hospital to the detriment of the Plaintiffs.

31. At all times material, Defendants' actions and failures which resulted in DIANE URE receiving inadequate medical treatment aboard the M/V MARINA and which resulted in DIANE URE being referred to Bay View Hospital were intentional and/or with reckless indifference on the part of OCEANIA and/or BONILLA.

## COUNT I – NEGLIGENCE AGAINST OCEANIA FOR THE ACTS OF BONILLA BASED ON THE THEORY OF RESPONDEAT SUPERIOR

Plaintiffs reallege, adopt, and incorporate by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

32. At all times material hereto, BONILLA, was an agent and/or servant and/or employee of OCEANIA.

33. At all times material hereto, BONILLA was acting within the scope of his employment and/or agency.

34. OCEANIA is estopped to deny that BONILLA was its agent and/or employee and/or servant.

35. At all times material hereto, BONILLA, owed a duty to provide DIANE URE with reasonable care under the circumstances. BONILLA breached his duty to provide reasonable care under the circumstances by:

   a. Failing to promptly provide DIANE URE with proper and/or adequate medical care and attention; and/or

   b. Failing to timely diagnose DIANE URE's medical condition; and/or

   c. Failing to adequately monitor DIANE URE's medical condition; and/or

   d. Failing to adequately treat DIANE URE's medical condition; and/or

   e. Failing to adequately record DIANE URE's medications; and/or

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

f.   Failing to adequately advise DIANE URE regarding her medical condition; and/or

g.   Failing to recommend appropriate medical care; and/or

h.   Knowingly rendering treatment to DIANE URE while lacking the proper licenses to practice medicine in the jurisdiction of the ship and/or Majuro, Marshall Islands; and/or

i.   Failing to have proper licenses to practice medicine in the jurisdiction of the ship or Majuro, Marshall Islands; and/or

j.   Failing to stabilize DIANE URE's medical condition; and/or

k.   Allowing DIANE URE's medical condition to significantly deteriorate; and/or

l.   Allowing DIANE URE's medical condition to deteriorate to the point where she required emergency medical treatment; and/or

m.   Failing to recommend an adequate a proper and adequate medical facility to treat DIANE URE's emergency medical condition; and/or

n.   Failing to utilize available medical testing and/or available medical equipment with an adequate frequency during the medical care and treatment of DIANE URE; and/or

o.   Failing to utilize telephone and/or video consultations with specialists during the medical care and treatment of DIANE URE.

36.   OCEANIA had a duty to provide DIANE URE with reasonable care under the circumstances and through the acts of its agents and/or employees and/or servant, BONILLA, breached its duty to provide DIANE URE with reasonable care under the circumstances.

37.   As a result of the negligence of BONILLA, for which OCEANIA is vicariously

liable, DIANE URE was injured about her body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries including life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and she will suffer the losses and impairments in the future. Further, DIANE URE lost the value of her vacation cruise for which she incurred expenses, including, but not limited to the cost of the cruise ticket for herself and others as well as transportation costs.

**WHEREFORE**, the Plaintiffs demand judgment for all damages recoverable under the law, including punitive damages, against the Defendants and demand trial by jury.

## COUNT II – NEGLIGENCE AGAINST OCEANIA FOR NEGLIGENT HIRING AND/OR NEGLIGENT RETENTION OF BONILLA

Plaintiffs reallege, adopt, and incorporate by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

38.    At all times material hereto, BONILLA, was an agent and/or servant and/or employee of OCEANIA.

39.    At all times material hereto, OCEANIA had a duty to hire a properly qualified and competent ship's doctor.

40.    At all times material hereto, OCEANIA had a duty to exercise reasonable care for the safety of its passengers, including Plaintiffs.

- 10 -

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

41.   At all times material, Defendant OCEANIA and/or its agents, servants, and/or employees breached its duty/duties to DIANE URE, as follows:

   a.   hiring BONILLA, who was not competent and duly qualified nor licensed to practice medicine in the jurisdiction of the ship, as a ship's doctor; and/or

   b.   retaining BONILLA, who was not competent and duly qualified nor licensed to practice medicine in the jurisdiction of the ship, as a ship's doctor;  All of which caused and/or contributed to further causing severe and permanent injury to DIANE URE when BONILLA failed to adequately identify and/or adequately monitor and/or adequately treat and/or adequately refer DIANE URE for emergency medical care.

42.   At all material times, Defendant OCEANIA had exclusive custody and control of the vessel M/V MARINA.

43.   Defendant OCEANIA knew of the foregoing conditions causing the subject accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant OCEANIA, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

44.   As a result of the negligence of Defendant OCEANIA, DIANE URE was injured about her body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries including life care, incurred special transportation costs after being discharged from

LIPCON,  MARGULIES,  ALSINA  &  WINKLEMAN,  P.A.

the vessel, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and she will suffer the losses and impairments in the future. Further, DIANE URE lost the value of her vacation cruise for which she incurred expenses, including, but not limited to the cost of the cruise ticket for herself and others as well as transportation costs.

WHEREFORE, the Plaintiffs demand judgment for all damages recoverable under the law, including punitive damages, against the Defendants and demand trial by jury.

### COUNT III – GENERAL NEGLIGENCE AGAINST OCEANIA

Plaintiffs reallege, adopt, and incorporate by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

45.     At all times material hereto, OCEANIA had a duty to exercise reasonable care for the safety of its passengers, including Plaintiffs.

46.     At all times material, Defendant OCEANIA and/or its agents, servants, and/or employees breached its duty/duties to DIANE URE, as follows:

a.   Referring DIANE URE to Bay View Hopsital; and/or

b.   Failing to adequately investigate Bay View Hospital; and/or

c.   Failing to warn Plaintiffs of the dangers and/or hazards of obtaining emergency medical care at Bay View Hospital; and/or

d.   Failing to inform Plaintiffs of medical options available to them in the Bahamas; and/or

e.   Contracting and/or entering into agreements with Bay View Hospital for referral of passengers for medical care; and/or

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

f.  Failing to contract and/or enter into agreements with qualified emergency treatment facilities and hospitals in the Bahamas; and/or

g.  Failing to disclose and/or inform the Plaintiffs of any and all agreements between OCEANIA and Bay View Hospital; and/or

h.  Failing to assist the Plaintiffs in emergent travel to the United States for medical care; and/or

i.  Failing to adequately evacuate the Plaintiffs from the M/V MARINA in a timely manner; and/or

j.  Failing to initiate and/or use tele-medicine and/or video-medicine sources aboard the M/V MARINA; and/or

k.  Failing to promulgate and/or enforce adequate policies and procedures to ensure that DIANE URE received prompt, proper, and adequate medical treatment; and/or

l.  Failing to comply with the Cruise Industry Passenger Bill of Rights; and/or

m.  Failing to provide adequate medical equipment aboard the M/V MARINA; and/or

n.  Failing to promulgate and/or enforce adequate medical procedures aboard the M/V MARINA; and/or

o.  Failing to warn of dangers and/or hazards in the Bahamas, related to medical care, that OCEANIA knew or should have known about; and/or

p.  Failing to adequately assist the Plaintiffs with obtaining adequate medical care; and/or

q.  Actively directing the Plaintiffs to inadequate medical care; All of which caused and/or contributed to further causing severe and permanent injury to DIANE URE

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

when DIANE URE was referred to Bay View Hospital in the Bahamas for emergency medical care and received sub-standard medical treatment.

47. At all material times, Defendant OCEANIA had exclusive custody and control of the vessel M/V MARINA.

48. Defendant OCEANIA knew of the foregoing conditions causing the subject accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant OCEANIA, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

49. As a result of the negligence of Defendant OCEANIA, DIANE URE was injured about her body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries including life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and she will suffer the losses and impairments in the future. Further, DIANE URE lost the value of her vacation cruise for which she incurred expenses, including, but not limited to the cost of the cruise ticket for herself and others as well as transportation costs.

WHEREFORE, the Plaintiffs demand judgment for all damages recoverable under the law, including punitive damages, against the Defendants and demand trial by jury.

## COUNT IV – APPARENT AGENCY AGAINST OCEANIA FOR ACTS OF BONILLA

Plaintiffs reallege, adopt, and incorporate by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

50. At all material times, BONILLA saw, examined, treated and/or was consulted concerning the medical condition of DIANE URE while aboard the M/V MARINA.

51. At all times material hereto, BONILLA was represented to the Plaintiffs and the ships' passengers as an employee and/or agent and/or servant of OCEANIA, in that:

   a. BONILLA wore a ship's uniform;

   b. BONILLA ate with the ship's crew (officers);

   c. BONILLA was under the commands of the ship's officers;

   d. The literature provided by OCEANIA showed BONILLA as a crew member (officer) and employee of OCEANIA;

   e. BONILLA worked in the ship's medical center;

   f. BONILLA was paid a salary by OCEANIA;

   g. BONILLA worked aboard the M/V MARINA;

   h. BONILLA spoke to the Plaintiffs as though he had authority to do so by OCEANIA;

52. At no time did BONILLA represent to the Plaintiffs in particular or the ship's passengers in general, in any way that he was not an agent or employee of OCEANIA.

53. At all material times, Plaintiffs reasonably relied on the representations to their detriment that BONILLA was an employee and/or agent and/or servant of OCEANIA.

- 15 -

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

54.     It was reasonable to believe that BONILLA was OCEANIA's agent because he wore a ship's uniform and admitted DIANE URE to the ship's medical facility. In addition, at all times material, BONILLA spoke and acted as though he was authorized to do so by OCEANIA.

55.     This reasonable reliance was detrimental because it significantly worsened DIANE URE's medical condition.

56.     Defendant OCEANIA is estopped to deny that BONILLA was its apparent agent and/or apparent employee and/or apparent servant.

57.     At all times material, OCEANIA had a duty to provide the Plaintiffs with reasonable care under the circumstances and through the acts of its apparent agent.

58.     At all times material, OCEANIA through its apparent agent, BONILLA breached its duty to provide DIANE URE with reasonable care under the circumstances.

59.     DIANE URE was injured due to the fault and/or negligence of OCEANIA through the acts of its apparent agent, BONILLA, as follows:

   a.   Failing to promptly provide DIANE URE with proper and/or adequate medical care and attention; and/or

   b.   Failing to timely diagnose DIANE URE's medical condition; and/or

   c.   Failing to adequately monitor DIANE URE's medical condition; and/or

   d.   Failing to adequately treat DIANE URE's medical condition; and/or

   e.   Failing to adequately record DIANE URE's medications; and/or

   f.   Failing to adequately advise DIANE URE regarding her medical condition; and/or

   g.   Failing to recommend appropriate medical care; and/or

   h.   Knowingly rendering treatment to DIANE URE while lacking the proper licenses

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

to practice medicine in the jurisdiction of the ship and/or Majuro, Marshall Islands; and/or

i. Failing to have proper licenses to practice medicine in the jurisdiction of the ship or Majuro, Marshall Islands; and/or

j. Failing to stabilize DIANE URE's medical condition; and/or

k. Allowing DIANE URE's medical condition to significantly deteriorate; and/or

l. Allowing DIANE URE's medical condition to deteriorate to the point where she required emergency medical treatment; and/or

m. Failing to recommend an adequate a proper and adequate medical facility to treat DIANE URE's emergency medical condition; and/or

n. Failing to utilize available medical testing and/or available medical equipment with an adequate frequency during the medical care and treatment of DIANE URE; and/or

o. Failing to utilize telephone and/or video consultations with specialists during the medical care and treatment of DIANE URE.

60. As a result of the negligence of Defendant OCEANIA through its apparent agent BONILLA, DIANE URE was injured about her body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries including life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

past, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and she will suffer the losses and impairments in the future. Further, DIANE URE lost the value of her vacation cruise for which she incurred expenses, including, but not limited to the cost of the cruise ticket for herself and others as well as transportation costs.

**WHEREFORE**, the Plaintiffs demand judgment for all damages recoverable under the law, including punitive damages, against the Defendants and demand trial by jury.

**COUNT V – JOINT VENTURE BETWEEN OCEANIA AND BONILLA**

Plaintiffs reallege, adopt, and incorporate by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

61. At all material times, BONILLA saw, examined, treated and/or was consulted concerning the medical condition of DIANE URE while aboard the M/V MARINA.

62. A Joint Venture is an association of persons or legal entities to carry out a single business enterprise for profit. At all material times, OCEANIA and BONILLA engaged in a Joint Venture to operate a ship's medical facility for passengers onboard the M/V MARINA, for a profit.

63. As its part of the Joint Venture, OCEANIA financed and equipped the ship's medical facility and assisted in running it. As its part of the Joint Venture, BONILLA provided labor and/or assisted in running the ship's medical facility so as to generate charges to passengers which were thereby collected by OCEANIA and the money was then shared by OCEANIA and BONILLA.

64. Both OCEANIA and BONILLA had joint or shared control over aspects of the Joint Venture. BONILLA had control over the day to day workings of the ship's medical

facility. OCEANIA also had control over the day to day workings of the ship's medical facility and had control over the billings and collections for the ship's medical facility. Thus, OCEANIA and BONILLA had joint control over the day to day operations of the medical facility in that BONILLA performed the medical aspects of the Joint Venture and OCEANIA performed the operational aspects of the Joint Venture.

65. OCEANIA and BONILLA shared a common purpose: to operate the ship's medical facility for profit.

66. OCEANIA and BONILLA had a joint proprietary or ownership interest in the ship's medical facility. OCEANIA had the interest in the money it devoted to setting up the medical facility and BONILLA had a proprietary interest in the time and labor expended in operating the ship's medical facility. Further, OCEANIA and BONILLA shared in the profits of the Joint Venture. Upon information and belief, there exists contractual arrangements with OCEANIA and BONILLA which expressly lay out such a profit sharing relationship. In Florida, a duty to share losses actually and impliedly exists as a matter of law in a situation where one party supplies the labor, experience and skill, and the other the necessary capital.

67. OCEANIA and BONILLA therefore:

a. Had a community of interest in the performance of the common purpose, i.e., the operation of a ship's medical facility for passengers for profit;

b. Had a joint proprietary interest;

c. Had a joint control or right of control with respect to the operation of the medical facility;

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

d. Had a right to share in the profits of the joint venture;

e. Would share losses which may have been sustained.

68. As Joint Venturers, OCEANIA and BONILLA are liable for each other's negligence. As a result, OCEANIA is liable for the negligent conduct of BONILLA and damages previously described in this complaint. Participants in a Joint Venture are each liable for the torts of the other or of the servants of the joint undertaking committed within the course and scope of the undertaking, without regard to which of the joint venturers actually employed the servant.

69. At all times material while on the ship, OCEANIA and/or BONILLA, through the joint venture, breached their duty to provide DIANE URE with reasonable care under the circumstances.

70. DIANE URE was injured due to the fault and/or negligence of OCEANIA through the acts of its joint venturer, BONILLA, as follows:

a. Failing to promptly provide DIANE URE with proper and/or adequate medical care and attention; and/or

b. Failing to timely diagnose DIANE URE's medical condition; and/or

c. Failing to adequately monitor DIANE URE's medical condition; and/or

d. Failing to adequately treat DIANE URE's medical condition; and/or

e. Failing to adequately record DIANE URE's medications; and/or

f. Failing to adequately advise DIANE URE regarding her medical condition; and/or

g. Failing to recommend appropriate medical care; and/or

h. Knowingly rendering treatment to DIANE URE while lacking the proper licenses to practice medicine in the jurisdiction of the ship and/or Majuro, Marshall

Islands; and/or

i. Failing to have proper licenses to practice medicine in the jurisdiction of the ship or Majuro, Marshall Islands; and/or

j. Failing to stabilize DIANE URE's medical condition; and/or

k. Allowing DIANE URE's medical condition to significantly deteriorate; and/or

l. Allowing DIANE URE's medical condition to deteriorate to the point where she required emergency medical treatment; and/or

m. Failing to recommend an adequate a proper and adequate medical facility to treat DIANE URE's emergency medical condition; and/or

n. Failing to utilize available medical testing and/or available medical equipment with an adequate frequency during the medical care and treatment of DIANE URE; and/or

o. Failing to utilize telephone and/or video consultations with specialists during the medical care and treatment of DIANE URE.

71. As a result of the negligence of OCEANIA through its joint venturer, BONILLA, DIANE URE was injured about her body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries including life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity have been impaired. The injuries and damages

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

are permanent or continuing in nature, and she will suffer the losses and impairments in the future. Further, DIANE URE lost the value of her vacation cruise for which she incurred expenses, including, but not limited to the cost of the cruise ticket for herself and others as well as transportation costs.

WHEREFORE, the Plaintiffs demand judgment for all damages recoverable under the law, including punitive damages, against the Defendants and demand trial by jury.

### COUNT VI – THIRD PARTY BENEFICIARY CLAIM AGAINST OCEANIA

Plaintiffs reallege, adopt, and incorporate by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

72. At all material times, BONILLA saw, examined, treated and/or was consulted concerning the medical condition of DIANE URE while aboard the M/V MARINA.

73. Upon information and belief, at all times material hereto, BONILLA had an agreement in effect with OCEANIA in which OCEANIA agreed to provide indemnity insurance coverage for the claims made in this action;

74. Further, upon information and belief, OCEANIA had a separate agreement with BONILLA. The agreement consisted in OCEANIA financing and equipping the ship's medical facility, and BONILLA running the facility, for the primary and direct purpose of providing medical services to passengers. At all material times, OCEANIA represented to passengers that the intent of the agreement was: 1) to provide medical emergency medical care to guests, and 2) to maintain a safe and comfortable environment for their guests.

75. At all times material hereto, the agreements were entered into, to primarily and directly benefit passengers, such as the Plaintiffs.

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

76. At all times material, OCEANIA made representations to passengers, including:

   a. should a guest require medical attention while aboard their vessels, professional emergency medical attention aboard the ship (BONILLA), would be available to assist at all times; and/or

   b. that physicians are available to render services to passengers at a customary fee; and/or

   c. that OCEANIA's medical centers met or exceeded the standards established by the Cruise Lines International Association and/or College of Emergency Physicians; and/or

   d. that OCEANIA's medical centers were staffed by qualified physicians who are internationally accredited and are committed to providing the highest quality of shipboard medical care.

77. DIANE URE, while under the care and treatment of BONILLA was treated and/or monitored inappropriately, improperly and negligently.

78. Therefore, because 1) BONILLA was not qualified to treat DIANE URE and, 2) was not internationally accredited; and 3) could not provide the highest quality of shipboard medical care DIANE URE; BONILLA breached his contract with OCEANIA.

79. The forgoing breach and/or breaches of the contract to which DIANE URE was a third party beneficiary was/were a direct and proximate cause of DIANE URE's injury and/or condition being aggravated and made worse.

80. As a result of the breach of contract between BONILLA and OCEANIA, by BONILLA, DIANE URE was injured about her body and extremities, suffered

physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries including life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and she will suffer the losses and impairments in the future. Further, DIANE URE lost the value of her vacation cruise for which she incurred expenses, including, but not limited to the cost of the cruise ticket for herself and others as well as transportation costs.

**WHEREFORE**, the Plaintiffs demand judgment for all damages recoverable under the law, including punitive damages, against the Defendants and demand trial by jury.

## COUNT VII – NEGLIGENCE AGAINST BONILLA

Plaintiffs reallege, adopt, and incorporate by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

81.    At all material times, BONILLA saw, examined, treated and/or was consulted concerning the medical condition of DIANE URE while aboard the M/V MARINA.

82.    It was the duty of BONILLA to provide DIANE URE with reasonable care under the circumstances and/or medical care which did not fall below the applicable standard of care for cruise ship doctors.

83.    At all times material, BONILLA breached his duty to provide DIANE URE with reasonable care under the circumstances.

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

84.   DIANE URE was injured due to the fault and/or negligence of BONILLA, as follows:

a.   Failing to promptly provide DIANE URE with proper and/or adequate medical care and attention; and/or

b.   Failing to timely diagnose DIANE URE's medical condition; and/or

c.   Failing to adequately monitor DIANE URE's medical condition; and/or

d.   Failing to adequately treat DIANE URE's medical condition; and/or

e.   Failing to adequately record DIANE URE's medications; and/or

f.   Failing to adequately advise DIANE URE regarding her medical condition; and/or

g.   Failing to recommend appropriate medical care; and/or

h.   Knowingly rendering treatment to DIANE URE while lacking the proper licenses to practice medicine in the jurisdiction of the ship and/or Majuro, Marshall Islands; and/or

i.   Failing to have proper licenses to practice medicine in the jurisdiction of the ship or Majuro, Marshall Islands; and/or

j.   Failing to stabilize DIANE URE's medical condition; and/or

k.   Allowing DIANE URE's medical condition to significantly deteriorate; and/or

l.   Allowing DIANE URE's medical condition to deteriorate to the point where she required emergency medical treatment; and/or

m.   Failing to recommend an adequate a proper and adequate medical facility to treat DIANE URE's emergency medical condition; and/or

n.   Failing to utilize available medical testing and/or available medical equipment with an adequate frequency during the medical care and treatment of DIANE URE; and/or

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

o. Failing to utilize telephone and/or video consultations with specialists during the medical care and treatment of DIANE URE.

85. As a result of the negligence of BONILLA, DIANE URE was injured about her body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries including life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and she will suffer the losses and impairments in the future. Further, DIANE URE lost the value of her vacation cruise for which she incurred expenses, including, but not limited to the cost of the cruise ticket for herself and others as well as transportation costs.

WHEREFORE, the Plaintiffs demand judgment for all damages recoverable under the law, including punitive damages, against the Defendants and demand trial by jury.

**COUNT VIII – LOSS OF CONSORTIUM/SOCIETY AGAINST ALL DEFENDANTS**

Plaintiffs reallege, adopt, and incorporate by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

86. At all times material, THOMAS URE was the lawful spouse of DIANE URE.

87. At all times material, OCEANIA and/or BONILLA breached their duty to provide DIANE URE with reasonable care under the circumstances, as contained within the

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

foregoing allegations.

88.   As a result of the negligence of the OCEANIA and/or BONILLA, DIANE URE suffered severe personal injury.

89.   As the lawful spouse of DIANE URE, THOMAS URE is entitled to recover damages that will reasonably compensate him for his loss of consortium and loss of society. Loss of consortium is comprised of a person's own physical, psychological, and emotional pain and anguish which results when their spouse is negligently injured to an extent that the spouse's ability to provide love, affection, companionship, comfort, or sexual relations concomitant with normal married life, is substantially impaired. Thus the concept of loss of consortium includes not only the loss of support or services, it embraces such elements as loss of love, companionship, affection, society, sexual relations, solace, and more.

90.   As a direct and proximate result of OCEANIA's and/or BONILLA's negligence and other wrongful conduct, THOMAS URE has in the past and will in the future suffer loss of his wife's care, comfort, support, services, and consortium.

**WHEREFORE**, the Plaintiffs demand judgment for all damages recoverable under the law, including punitive damages, against the Defendants and demand trial by jury.

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

- 28 -

Dated this 9th day of October, 2014.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiffs*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
jmargulies@lipcon.com

By: */s/Carlos Felipe Llinás Negret*
  **CARLOS FELIPE LLINÁS NEGRET**
  Fla. Bar No. 73545
  **JASON R. MARGULIES**
  Florida Bar No. 57916