UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-CV-21340-DPG

DIANE URE, and THOMAS URE, JR.,

        Plaintiffs,

vs.

OCEANIA CRUISES, INC., and
FABIAN BONILLA, M.D.,

        Defendants.

_____/

**DEFENDANT, OCEANIA CRUISES, INC.'s, ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendant, Oceania Cruises, Inc. ("Oceania"), pursuant to the applicable Federal Rules of

Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff's Second

Amended Complaint [D.E. 72] and in support states as follows:

**PRELIMINARY ALLEGATIONS**

1.      Without knowledge. Therefore denied

2.      Admitted.

3.      Admitted.

4.      Denied.

5.      Admitted.

6.      Oceania admits that jurisdiction and venue are proper as to Oceania. All other

allegations are denied.

7.      Oceania admits that jurisdiction is proper as to Oceania before the U.S. District Court in and for the Southern District of Florida. All other allegations are denied.

8.      The allegations in this paragraph are not directed to Oceania, therefore no response is required. To the extent a response is required, Oceania denies this allegation including all subparts.

9.      Oceania admits that U.S. General Maritime Law applies to the claims against it. All other allegations are denied.

10.     Oceania admits it operated the *MV* Marina on the dates alleged in the Complaint. All other allegations are denied.

11.     Denied.

12.     Admitted.

13.     Admitted.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Oceania admits Dr. Bonilla was hired to provide medical treatment and supervise and manage the *MV* Marina's medical facility and staff for a prescribed period. All other allegations, including subparts, are denied.

20.     Denied.

21.     Denied.

22.    Oceania admits Diana Ure visited the MV Marina's medical facility during the subject cruise with the complaints listed in her shipboard medical records during the dates reflected therein. All other allegations are denied.

23.    Oceania admits Diana Ure visited the MV Marina's medical facility during the subject cruise with the complaints listed in her shipboard medical records during the dates reflected therein. All other allegations are denied.

24.    Oceania admits Diana Ure visited the MV Marina's medical facility during the subject cruise with the complaints listed in her shipboard medical records during the dates reflected therein. All other allegations are denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Oceania admits Diana Ure received medical treatment at Bay View Hospital on the dates reflected in the medical records from said facility. All other allegations are denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

## COUNT I- NEGLIGENCE AGAINST OCEANIA FOR THE ACTS OF BONILLA BASED ON THE THEORY OF RESPONDEAT SUPERIOR

Oceania realleges, adopts, and incorporates by reference its responses contained in paragraphs one (1) through thirty seven (37), as if expressly set forth herein.

38.     Denied.

39.     Denied.

40.     Denied

41.     Denied, including all subparts.

42.     Denied.

43.     Denied.

WHEREFORE, Defendant, OCEANIA CRUISES, INC. demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding cost and such other and further relief as this Court deems just and proper.

## COUNT II- NEGLIGENCE AGAINST OCEANIA FOR NEGLIGENT HIRING AND/OR NEGLIGENT RETENTION OF BONILLA

Oceania realleges, adopts, and incorporates by reference its responses contained in paragraphs one (1) through thirty seven (37), as if expressly set forth herein.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied, including all subparts.

49.     Denied.

50.     Denied.

51.    Denied.

WHEREFORE, Defendant, OCEANIA CRUISES, INC. demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding cost and such other and further relief as this Court deems just and proper.

### COUNT III- GENERAL NEGLIGENCE AGAINST OCEANIA

Oceania realleges, adopts, and incorporates by reference its responses contained in paragraphs one (1) through thirty seven (37), as if expressly set forth herein.

52.    Denied.

53.    Denied, including all subparts.

54.    Denied.

55.    Denied.

56.    Denied.

WHEREFORE, Defendant, OCEANIA CRUISES, INC. demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding cost and such other and further relief as this Court deems just and proper.

### COUNT IV- APPARENT AGENCY AGAINST OCEANIA FOR ACTS OF BONILLA

Oceania realleges, adopts, and incorporates by reference its responses contained in paragraphs one (1) through thirty seven (37), as if expressly set forth herein.

57.    Admitted.

58.    Denied, including all subparts.

59.    Denied.

60.    Denied.

61.    Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied, including all subparts.

67.     Denied.

WHEREFORE, Defendant, OCEANIA CRUISES, INC. demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding cost and such other and further relief as this Court deems just and proper.

## COUNT V- JOINT VENTURE BETWEEN OCEANIA AND BONILLA

The Court dismissed Count V and thus no response is required. *See.* D.E. 88.

## COUNT VI- THIRD PARTY BENEFICIARY CLAIM AGAINST OCEANIA

The Court dismissed Count VI and thus no response is required. *See*. D.E. 88.

## COUNT VII- NEGLIGENCE AGAINST BONILLA

This claim is not addressed to Oceania and does no response is required.

## COUNT VIII- LOSS OF CONSORTIUM/SOCIETY AGAINST ALL DEFENDANTS

Oceania realleges, adopts, and incorporates by reference its responses contained in paragraphs one (1) through thirty seven (37), as if expressly set forth herein.

95.     Without knowledge, therefore denied.

96.     Denied

97.     Denied.

98.     Denied.

99. Denied.

WHEREFORE, Defendant, OCEANIA CRUISES INC. demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding cost and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As its First Affirmative Defense, OCEANIA alleges that Plaintiffs' Second Amended Complaint fails to state a cause of action for which relief may be granted, accordingly it should be dismissed with prejudice.

### Second Affirmative Defense

As its Second Affirmative defense, OCEANIA states that there was no negligence on the part of Oceania or the shipboard medical personnel.

### Third Affirmative Defense

As its Third Affirmative Defense, OCEANIA alleges that Plaintiffs' injuries were caused either in whole or in part by Plaintiffs' own acts of negligence, including but not limited to failure to exercise reasonable care for Diane Ure's own safety and an award, if any, should be reduced accordingly by the principles of comparative fault.

### Fourth Affirmative Defense

As its Fourth Affirmative Defense, OCEANIA alleges that Plaintiffs' injuries were caused either in whole or in part by the acts and/or omissions of third persons.

**Fifth Affirmative Defense**

As its Fifth Affirmative Defense, OCEANIA alleges Plaintiffs' own acts of negligence amount to a superseding cause that cuts off any causal connection between OCEANIA's alleged negligence and Plaintiffs' damages.

**Sixth Affirmative Defense**

As its Sixth Affirmative Defense, OCEANIA alleges that the injuries alleged in Plaintiffs' Second Amended Complaint were pre-existing.  Therefore, OCEANIA cannot be held liable for such injuries, as they would have been inevitably worsened.  Alternatively, if the Plaintiffs were injured as alleged, such injuries extend only to an aggravation of the pre-existing condition.

**Seventh Affirmative Defense**

As its Seventh Affirmative Defense, OCEANIA alleges that Plaintiffs failed to mitigate their damages, or alternatively, Plaintiffs mitigated their damages, and therefore, any damages award should be reduced accordingly.

**Eighth Affirmative Defense**

As its Eighth Affirmative Defense, OCEANIA alleges it is entitled to a set-off for any and all monies paid on behalf of the Plaintiffs towards Diane Ure's treatment and medical care as well as any monies received from collateral sources.

## Ninth Affirmative Defense

As its Ninth Affirmative Defense, OCEANIA alleges that if the alleged tort occurred on navigable waters, the general maritime law of the United States applies, to the exclusion of state law.

## Tenth Affirmative Defense

As its Tenth Affirmative Defense, OCEANIA alleges that the liability of non-party tortfeasors should be considered by this Court and the percentage of fault attributed to such non-party tortfeasors be considered when apportioning damages.

## Eleventh Affirmative Defense

As its Eleventh Affirmative Defense, OCEANIA alleges and invokes the terms and conditions of the cruise ticket contract upon which the Plaintiff boarded the "*MV* Marina" and asserts that the Plaintiffs' action is subject to the limitations, terms and conditions contained therein.  The disclaimers in Plaintiffs' passenger ticket contract provided to Plaintiff disclaim liability for any claims or injuries to the Plaintiff as a result of any negligent act(s) and/or omission(s) on the part of any the independent operators, including but not limited to shipboard physicians.  As such, even if the shipboard medical personnel had acted negligently, which they did not, Plaintiffs' suit is still barred and should be dismissed with prejudice.

## Twelfth Affirmative Defense

As its Twelfth Affirmative Defense, OCEANIA alleges that there is no cause of action, as OCEANIA had no actual or constructive notice of any dangerous conditions.

## Thirteenth Affirmative Defense

As its Thirteenth Affirmative Defense, OCEANIA alleges that Plaintiffs' Claim for Loss of Consortium is barred under General Maritime Law and should be dismissed with prejudice.

## Fourteenth Affirmative Defense

As its Fourteenth Affirmative Defense, OCEANIA alleges to the extent negligence was committed at Bay View Hospital in Barbados, said negligence cannot be inputted to Oceania.

## Fifteenth Affirmative Defense

As its Fifteenth Affirmative Defense, Oceania asserts that Plaintiffs' allegations premised on the Passenger Bill of Rights fail to support a cause of action and should be dismissed with prejudice. The Passenger Bill of Rights does not create a duty of care nor does it modify any applicable duty.

## Sixteenth Affirmative Defense

As its Sixteenth Affirmative Defense, Oceania asserts it cannot be held vicariously liable for the negligence on its shipboard medical personnel who were at times independent contractors, whose medical decisions Oceania could not supersede.

## Seventeenth Affirmative Defense

As its Seventeenth Affirmative Defense, Oceania asserts Plaintiffs are not entitled to recover any punitive damages and the request should be stricken.

## Eighteenth Affirmative Defense

As its Eighteenth Affirmative Defense, OCEANIA alleges that there is no cause of action, as OCEANIA did not create any dangerous or defective condition, and/or did not maintain an area or instrumentality in which such a condition existed.

## Nineteenth Affirmative Defense

As its Nineteenth Affirmative Defense, OCEANIA alleges Plaintiffs' claim of apparent agency is unreasonable as a matter of law in light of the explicit disclaimers Oceania provided establishing that shipboard medical personnel are independent contractors.

## Twentieth Affirmative Defense

As its Twentieth Affirmative Defense, OCEANIA alleges that any negligence alleged on behalf of Defendants, the existence of which OCEANIA expressly denies, was not the proximate cause of Plaintiff's injuries/illnesses, if any, and as such, no liability exists.

## Twenty First Affirmative Defense

As its Twenty First Affirmative Defense, OCEANIA alleges that Plaintiff does not have a cause of action for negligent selection and retention of the shipboard physician who was an independent contractor. OCEANIA fulfilled the duty it may have had with respect to selection and retention of the shipboard physician who was, at all times, competent and fit to provide medical services.

## Twenty Second First Affirmative Defense

As its Twenty Second Affirmative Defense, OCEANIA alleges that the injuries alleged in Plaintiffs' Second Amended Complaint commenced after Diane Ure disembarked the *MV Marina*.  Therefore, OCEANIA cannot be held liable for such injuries, which it could not have proximately caused.

Dated: June 30, 2015

Respectfully submitted,

/s/Carlos J. Chardon
Jerry D. Hamilton
Florida Bar No. 970700
Carlos J. Chardon

HAMILTON, MILLER & BIRTHISEL
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

Florida Bar No. 517631
Tricia N. Neimand
Florida Bar No. 102562
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Defendant, Oceania Cruises*
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:      (305) 379-3686
Facsimile:      (305) 379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 30, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Carlos J. Chardon

Carlos J. Chardon

## SERVICE LIST

| | |
|---|---|
| Jason Margulies<br>Florida Bar No. 57916<br>jmargulies@lipcon.com<br>Lipcon, Margulies, Alsina &<br>Winkleman, P.A.<br>One Biscayne Tower, Suite 1776<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel. (305) 373-3016<br>Fax (305) 373-6204<br>***Attorney for Plaintiffs***<br><br>Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>Darren W. Friedman, Esq.<br>dfriedman@fflegal.com<br>Marcus G. Mahfood, Esq. | Jerry D. Hamilton, Esq.<br>Florida Bar No. 970700<br>jhamilton@hamiltonmillerlaw.com<br>Carlos J. Chardon, Esq.<br>Florida Bar No. 517631<br>cchardon@hamiltonmillerlaw.com<br>Hamilton, Miller & Birthisel, LLP<br>150 Southeast Second Avenue<br>Suite 1200<br>Miami, Florida 33131<br>Telephone:      (305) 379-3686<br>Facsimile:      (305) 379-3690<br>***Attorneys for Defendant Oceania*** |

| | |
|---|---|
| mmahfood@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower – Suite #2300<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: 305-358-6555/ Fax: 305-374-9077<br>***Attorneys for Defendant*, Dr. Bonilla** | |