UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 14-CV-21340-GAYLES


DIANE URE, and THOMAS URE, JR.,
          *Plaintiffs,*
v.

OCEANIA CRUISES, INC., and
FABIAN BONILLA, M.D.,
          *Defendants.*
_____ /

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT OCEANIA CRUISES THIRD MOTION FOR RECONSIDERATION (DISGUISED AS A MOTION FOR SUMMARY JUDGMENT)

Plaintiffs, DIANE URE, and THOMAS URE, by and through undersigned counsel, respond in Opposition to Defendant Oceania Cruises, Inc.'s Motion for Summary Judgment on Thomas Ure's Claim for Loss of Consortium. [D.E. 95]. In support thereof, Plaintiff alleges as follows:

1.      At issue in Oceania's Motion [D.E. 95] is the Plaintiff's Claim for Loss of Consortium (Count VIII) in the Second Amended Complaint [D.E. 72]. Oceania's Motion is a blatant disregard of this Honorable Court's past three orders, and an impermissible attempt to get another bite at the apple.

2.       This Honorable Court has already ruled **in three separate orders** that the Plaintiff's Count for Loss of Consortium (Count VIII) has been properly pled and should stand. In the first Order, dated November 11, 2014, this Court held that "Counts I, III and VIII may proceed as pled." [D.E. 66]. Unhappy with the result, on December 15, 2014, Oceania filed a Motion for Reconsideration of the Court's Order as to Counts III and VIII (Loss of Consortium) [D.E. 76]. On June 16, this

1

Court denied Oceania's Motion for Reconsideration, and once again, allowed Count VIII (Loss of Consortium), to proceed as pled. [D.E. 88]. Unhappy with that result, on June 25, 2015, Oceania filed a second Motion for Reconsideration, repeating the same arguments previously made and rejected by this Court. [D.E. 90]. On July 15, 2015, this Court denied Oceania's second Motion for Reconsideration, and once again, allowed Count VIII (Loss of Consortium) to proceed as pled. [D.E. 94].

3.      Now, despite the fact that this Honorable Court has upheld Count VIII (Loss of Consortium) in three separate orders; Oceania has filed a record **third** motion for reconsideration (disguised as a Motion for Summary Judgment), repeating the exact same arguments [D.E. 95]. **There is no precedent to Oceania's outrageous conduct and insubordination, refusing to acknowledge and accept the finality of the Court's past three orders.**

4.      Notably, Oceania's third motion for reconsideration (disguised as a Motion for Summary Judgment), fails to raise new issues, and instead, re-litigates what the Court has already found lacking on its December 15, 2014 [D.E. 76], June 16, 2015 [D.E. 88], and July 15, 2015 Orders. This Honorable Court should once again reject Oceania's arguments, and further instruct Oceania to desist, under penalty of sanctions, from filing challenges to Count VIII of the Amendment Complaint. *See Fla. College of Osteopathic Med. Inc.,* 12 F. Supp. 2d at 1308 (M.D. Fla. 1998) ("This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues, but instead, re-litigates what the Court has already found lacking.").

First, in passing, the Eleventh Circuit's decision in *Franza v. Royal Caribbean Cruises, Inc.*, 772 F. 3d 1225 (11th Cir. 2014), suggests that recovery for loss of consortium is allowed under the General Maritime Law. *See Franza* at p. 14 (emphasis added):

> Though we have never examined whether the principles of vicarious liability apply to a passenger's claim for onboard medical negligence, the federal courts have been especially active in the general area of maritime torts … see, e.g., Am. Export Lines, Inc. v. Alvez, 446 U.S. 274, 284-86, 100 S. Ct. 1673, 1679-80 (1980) (**recognizing claim for loss of consortium under general maritime law**)

Second, in *Am. Export Lines, Inc. v. Alvez*, 446 U.S. 274, 284-86 (1980), the United States Supreme Court recognized a claim for loss of consortium under general maritime law. In particular, the Supreme Court held that "the general maritime law authorizes the wife of a harbor worker injured non-fatally aboard a vessel in state territorial waters to maintain an action for damages for the loss of the husband's society." *See also* Thomas J. Schoembaum, Admiralty and Maritime Law, 5-17 Loss of society and consortium, 5th Ed. (2003) (emphasis added): ("In *American Export Lines, Inc. v. Alvez*, the Supreme Court supplemented *Gaudet* by holding that under the general maritime law, the wife of a harbor worker injured non-fatally aboard a vessel in state territorial waters may maintain an action for damages for the loss of her husband's society. Thus, the Court declared that loss of society damages are available under the general maritime law of personal injury as well as wrongful death.").

Third, Oceania's reliance on *In Re Amtrack "Sunset Ltd." Train Crash in Bayou Canot*, 121 F. 3d 1421 (11th Cir. 1997) is misplaced. As this Court recently held, the Supreme Court's opinion in *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009), undermined the Eleventh Circuit's holding in *Amtrack* by reversing its assumptions about common law remedies. *See Doe v. Royal Caribbean*, 2012 WL 920675 (S.D. Fla. 2012) (Goodman, J.). As Judge Goodman explained in *Doe*:

> The Eleventh Circuit's position in *Amtrak* was based on the view that personal injury plaintiffs in maritime actions did not enjoy traditional common law remedies. *In re Amtrak,* 121 F.3d at 1429 ("until the United States Supreme Court should decide to add state remedies to the admiralty remedies for personal injury,

personal injury claimants have no claim for or nonpecuniary damages such as loss of society, loss of consortium or punitive damages"). But *Atlantic Sounding* clarified that neither the Jones Act, nor the Supreme Court's own precedents, were intended to supplant remedies that were previously available at common law.

7.      In conclusion, Oceania's third Motion for Reconsideration (disguised as a Motion for Summary Judgment) of Count VIII (Loss of Consortium) lacks any colorable basis. This Honorable Court should once again reject Oceania's arguments, and further instruct Oceania to desist, under penalty of sanctions, from filing further challenges to Count VIII of the Amendment Complaint.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on August 3, 2015, I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record.

> LIPCON, MARGULIES,
> ALSINA & WINKLEMAN P.A.
> Attorneys for Plaintiff
> One Biscayne Tower, Suite 1776
> 2 South Biscayne Boulevard
> Miami, Florida  33131
> Telephone: (305)  373-3016
> E-mail: cllinas@lipcon.com
>
> By: /s/ *Carlos Felipe Llinás Negret*_____
>        CARLOS FELIPE LLINAS NEGRET
>        FL BAR NO. 73545

4

## SERVICE LIST

Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Carlos J. Chardon, Esq.
Florida Bar No. 517631
cchardon@hamiltonmillerlaw.com
Tricia Neimand, Esq.
Florida Bar No. 102562
tneimand@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
***Attorneys for Defendant Oceania***